IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-47-D

| | | |
|---|---|---|
| VAMSI MOHAN NALLAPATI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| JUSTH HOLDINGS LLC, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's motion to seal an exhibit to his response in opposition to Defendant's motion to dismiss. [DE-20, -23]. Defendant has not responded to the motion to seal, and the time for doing so has expired. For the following reasons, the motion to seal is allowed.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The fact that the documents sought to be sealed are subject to a protective order by the court does not relieve the parties or the court from the obligation to comply with the Fourth Circuit's sealing regimen. *See Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 679–80 (E.D.N.C. 2003); *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys.*, No.1:05-CV-955, 2011 WL 2413404, at *5 (M.D.N.C. Jun. 10, 2011) (citations omitted). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First

Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Stone*, 855 F.2d at 180 (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). To determine whether the public's right of access is derived from the First Amendment or common law, courts use a two-pronged "experience and logic" test. *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-310-F, 2016 WL 3030166, at *6 (E.D.N.C. May 25, 2016). "Under the experience prong, the court considers whether the proceeding before the court is the type that traditionally is open to the public. Under the logic prong, the court determines whether the proceeding benefits from public access." *Id.* (citations omitted).

Here, the document sought to be sealed is a settlement agreement filed by Plaintiff in connection with his opposition to Defendant's motion to dismiss, and thus the document plays a role in the adjudication process. *See In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights.") (citations omitted); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."). Furthermore, the settlement agreement is not subject to the First Amendment right of access because it was filed in connection with an opposition to a motion to dismiss for lack of jurisdiction, which is not the type of proceeding that traditionally is open to the public, unlike a proceeding which serves as a substitute for trial, such as a motion for summary judgment. *See HSG, LLC v. Edge-Works Mfg. Co.*, No. 7:18-CV-166-FL, 2019 WL 8348802, at *1 (E.D.N.C. June 21, 2019) (sealing a settlement

agreement attached to a response in opposition to a motion to dismiss); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 07-CIV-10470, 2013 WL 3531600, at *4 (S.D.N.Y. July 12, 2013) ("There is no tradition of public access to documents culled from full discovery that become relevant only because of a motion to dismiss for lack of personal jurisdiction.").

The presumption of access under the common law is not absolute, and its scope is a matter left to the discretion of the district court. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), cert. denied, 544 U.S. 949 (2005). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford*, 846 F.2d at 253). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Finally, prior to sealing a judicial record the court must (1) give the public notice of the request to seal and a reasonable opportunity to challenge it; (2) consider less drastic alternatives to sealing; and (3) "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight Pub. Co.*, 743 F.2d at 235 (citation omitted).

Here, the document consists of a settlement agreement between the parties. Although not dispositive, this factor does speak to the purported nature of the documents, which contain sensitive business information not available to the general public. *See Alscripts Healthcare, LLC v. Etransmedia Tech., Inc.*, No. 5:13-CV-590-BO, 2013 WL 4586517, at *2 (E.D.N.C. Aug. 28,

2013) (sealing documents containing "confidential commercial information and trade secrets[,] ... confidential financial information[,] and technical information . . . as well as confidential communications with plaintiff's customers and communications between the parties attempting to resolve this dispute."). *Cf. McRae v. Harrison*, No. 5:17-CV-23-H, 2018 WL 4345278, at *5 (E.D.N.C. Aug. 16, 2018), *adopted by* 2018 WL 4339362 (E.D.N.C. Sept. 11, 2018) (denying a motion to seal a response in opposition to a motion to dismiss because the party did not specify which portions of the response contain confidential information). Based on this showing, the court finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, Plaintiff's motion was filed on April 7, 2020. No opposition to the motion has been filed by any party or non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as described, the documents in question contain confidential business information and are not generally available to the public, the court finds that alternatives to sealing do not exist at the present time.

Accordingly, Plaintiff's motion to seal [DE-20] is ALLOWED, and the document, [DE-23], shall remain under seal in accordance with Local Civil Rule 79.2.

SO ORDERED, this 22 day of May, 2020.

Robert B. Jones, Jr.
United States Magistrate Judge