| | |
|---|---|
| VAMSI MOHAN NALLAPATI et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JUSTH HOLDINGS, LLC et al., )<br>)<br>Defendants. ) | **ORDER** |

On February 6, 2020, Vamsi Mohan Nallapati ("Vamsi") filed a complaint against Justh Holdings, LLC ("Justh") seeking cancellation of three trademark registrations and declaratory and injunctive relief [D.E. 1]. On October 9, 2020, Vamsi amended his complaint [D.E. 32]. On January 21, 2021, the parties entered into a consent protective order governing discovery in this case and a related case [D.E. 44]. On March 10, 2021, the parties agreed to allow Vamsi to amend his complaint and Justh to counterclaim, adding additional defendants [D.E. 55]. On March 10, 2021, Vamsi and IGM Surfaces, LLC (collectively "plaintiffs"), filed an amended complaint [D.E. 56]. On March 31, 2021, Justh and Hari Hara Prasad Nallapaty ("Prasad") (collectively "defendants" and "counterplaintiffs") answered the amended complaint and alleged three counterclaims against Vamsi, Rohit Gangwal, Vinay Bharadwaj, Cosmos Granite Dallas, LLC, Cosmos Granite Charlotte, LLC, and Cosmos Granite Charleston, LLC (collectively "counterdefendants") [D.E. 58]. On May 12, 2021, plaintiffs moved to strike defendants' first affirmative defense and counterdefendants moved to dismiss the counterclaims for failure to state a claim [D.E. 69]. The court also received documents in support of the motions [D.E. 70]. On June 2, 2021, Prasad and Justh responded in

opposition [D.E. 71]. On June 16, 2021, plaintiffs and counterdefendants replied [D.E. 72].

On October 28, 2021, Prasad and Justh moved for a protective order to bar plaintiffs from accessing certain financial documents [D.E. 77] and filed a memorandum in support and exhibits [D.E. 78] and proposed sealed documents [D.E. 79, 80, 81, 82]. Prasad and Justh also filed a motion to seal [D.E. 83] and a memorandum in support [D.E. 84]. On November 12, 2021, Vasmi and IGM Surfaces, LLC, responded opposing the protective order [D.E. 85]. As explained below, the court denies plaintiffs' motion to strike, denies counterdefendants' motion to dismiss, denies defendants' motion for a protective order, and grants defendants' motion to seal.

I.

A.

The court has reviewed plaintiffs' motion to strike and counterdefendants' motion to dismiss. See, e.g., Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court denies the motions as meritless.

B.

Prasad and Justh move for a protective order [D.E. 77]. On October 12, 2021, plaintiffs served a subpoena on Unity National Bank of Houston ("Unity") seeking documents concerning a loan agreement between Unity and Justh in which Justh granted a security interest in the trademarks at issue in this case. See Mot. Prot. Order [D.E. 77] 1; [D.E. 78] 3. On October 28, 2021, Prasad and Justh moved for a protective order under Federal Rule of Civil Procedure 26(c) prohibiting discovery of documents from Unity concerning defendants' financial information. See Mot. Prot.

2

Order at 1; [D.E. 78] 2. Prasad and Justh have not moved to quash the subpoena under Federal Rule of Civil Procedure 45(d)(3)(B). See Mot. Prot. Order. Unity has not contested the subpoena, moved to quash the subpoena, or expressed concern about its scope. See [D.E. 85] 2. Defendants argue that as competitors in the stone industry, plaintiffs should not be able to obtain financial details about defendants' business and that the information sought is irrelevant. See [D.E. 78] 8–9. Prasad and Justh ask the court to bar discovery of the loan agreement entirely or to limit the scope of discovery to the Security Agreement, Intellectual Property Security Agreement, and Justh's representations about the ownership of the trademarks at issue. See Mot. Prot. Order at 1. On November 12, 2021, plaintiffs responded in opposition. See [D.E. 85]. Plaintiffs argue that the information sought is relevant to their damages, is within the scope of the consent protective order, and is the type of discovery sought and obtained in the parties' related case in this district. See [D.E. 85] 2, 4–9. Plaintiffs also argue defendants lack standing to challenge the third-party subpoena. See id. at 3–4.

Rule 45 of the Federal Rules of Civil Procedure permits a party to issue subpoenas for the production of documents from nonparties. See Fed. R. Civ. P. 45(a)(1)(C). "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." United States v. Idema, 118 F. App'x 740, 744 (4th Cir. 2005) (per curiam) (unpublished); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2021). A party, however, has standing to challenge a subpoena under Rule 26 even if it lacks standing to bring a motion to quash under Rule 45. See Artis v. Murphy-Brown LLC, No. 7:14-CV-237-BR, 2018 WL 3352639, at *2 (E.D.N.C. July 9, 2018) (unpublished); EEOC v. Bojangles' Rests., Inc., No. 5:16-CV-654-BO, 2017 WL 2889493, at *4 (E.D.N.C. July 6, 2017) (unpublished); Brown v. Mountainview Cutters, LLC, No. 7:15-CV-00204, 2016 WL 3045349, at *2 (W.D. Va. May 27, 2016) (unpublished); Beach Mart,

3

Inc. v. L&L Wings, Inc., No. 2:11-CV-00044-F, 2015 WL 13718077, at *1–2 (E.D.N.C. May 5, 2015) (unpublished); HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305, 307–08 (D.S.C. 2013); Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012). Therefore, the court addresses defendants' motion.

Defendants seek a protective order under Rule 26. See Mot. Prot. Order at 1. Rule 26 provides for broad discovery. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."). Courts have construed relevance broadly "to encompass 'any possibility that the information sought may be relevant to the claim or defense of any party.'" EEOC v. Sheffield Fin. LLC, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (quoting Merrill v. Waffle House, Inc., 227 F.R.D. 467, 473 (N.D. Tex. 2005)); cf. Herbert v. Lando, 441 U.S. 153, 177 (1979).

A district court has broad discretion in determining relevance during discovery and can impose appropriate limitations on discovery. See Nicholas v. Wyndham Int'l, Inc., 373 F.3d 537, 543 (4th Cir. 2004); Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992). Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery" or

4

"forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26 (c)(1)(A), (c)(1)(D). "A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden." Artis, 2018 WL 3352639, at *2.

Defendants argue that "the requested documents simply have no relevance to . . . [any of the] claims in this action." [D.E. 78] 7. Plaintiffs respond that the documents sought relate to "trademark value, the value of alleged infringements, and profits or other damages flowing from unfair competition and other trademark misuse." [D.E. 85] 2. Plaintiffs seek "damages, both compensatory and exemplary (including trebled damages and punitive damages, as permitted by law), in amounts to be determined at trial in connection with the illegal and improper acts of Defendants" in addition to injunctive and declaratory relief. [D.E. 56] 18. If plaintiffs prove defendants violated the Lanham Act's provisions relating to unfair competition, as alleged, they "shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a); see [D.E. 56] ¶¶ 60–64. Because the subpoenaed information concerns plaintiffs' damages, the subpoenaed information is relevant to the valuation of the alleged damages. See Fed. R. Civ. P. 26(b)(1).

Defendants also argue plaintiffs can obtain the information through the discovery process between the parties and that a third-party subpoena is unnecessary. See [D.E. 78] 9. Under Rule 26(b)(2)(C)(i), defendants can challenge discovery if it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Although defendants have standing to challenge the subpoena under Rule 26, they cannot raise the rights of a third party in doing so. See 8A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2035. It is not inconvenient, burdensome, or expensive to defendants for

5

plaintiffs to obtain the subpoenaed documents from Unity. Tellingly, Unity has not moved to quash the subpoena or otherwise objected to the subpoena. See [D.E. 85] 2. Moreover, "bank records are the business records of the bank, in which the party has no personal right." United States v. Gordon, 247 F.R.D. 509, 510 (E.D.N.C. 2007); see Idema, 118 F. App'x at 744.

Defendants also claim that the discovery request will "harm Justh's banking relationship and make Unity less willing to work with Justh in the future." [D.E. 78] 7. Essentially, defendants argue that plaintiffs getting the loan documents and communications from Unity will indirectly burden defendants because of the possible harm to their ability to obtain credit. Even assuming that Rule 26 covers this speculative argument, Prasad and Justh have not plausibly alleged that allowing plaintiffs to obtain these documents from Unity will be expensive or burdensome to Justh and Prasad. As plaintiffs note, Unity has not objected to the subpoena and defendants have served similar subpoenas on plaintiffs' banks in the related case in this district. See [D.E. 85] 1; see, e.g., [D.E. 85-1, 85-2] (exhibits of bank subpoenas). Likewise, Prasad and Justh have not provided any basis, beyond speculation, for their contention that the subpoena will harm their future banking relationships. Therefore, the court denies defendants' motion for a protective order.[1]

---

[1] Prasad and Justh also argue that the information sought is confidential business information and claim that the parties are now competitors, "no longer share financial information," and "[n]either party has access to the other's financial documents, loan information, or business records." [D.E. 78] 2. The parties in this case are involved in numerous cases across the country litigating various issues relating to the breakdown of their business relationship. On January 21, 2021, the parties entered into a consent protective order to govern the protections for discovered documents in this and the parties' related case in this district. See [D.E. 44]. Although the parties are business competitors in the granite and stone industry, they are also former business partners and are involved in litigation across the country regarding their rights to their businesses and properties. In this action, defendants stake the propriety of their trademarks on the allegation that the trademarks are the subject of the ongoing winding up of a partnership. See [D.E. 58] 1–2. In this action and related cases, defendants claim they need accurate financial records from the plaintiffs to complete the alleged winding up. See [D.E. 58] 26–28. Given these arguments and the ongoing litigation, plaintiffs and defendants hardly maintain the kind of closely guarded confidentiality around their

6

C.

On October 28, 2021, defendants filed a motion to seal [D.E. 83]. After applying the governing standard, the court grants defendants' motion to seal.

II.

In sum, the court DENIES plaintiffs' motion to strike and counterdefendants' motion to dismiss as meritless [D.E. 69], DENIES defendants' motion for a protective order as meritless [D.E. 78], and GRANTS defendants' motion to seal [D.E. 83].

SO ORDERED. This 28 day of January, 2022.

JAMES C. DEVER III<br>
United States District Judge

---

business finances that would be typical of competitors in the same industry.