IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-47-D

VAMSI NALLAPATI & IGM SURFACES, LLC, )
               Plaintiffs, )
               v. )
JUSTH HOLDINGS, LLC, and HARI HARA )
PRASAD NALLAPATY, )
               Defendants, )        ORDER
               v. )
VAMSI NALLAPATI, VINAY BHARADWAJ, )
ROHIT GANGWAL, COSMOS GRANITE )
DALLAS, LLC, COSMOS GRANITE )
CHARLOTTE, LLC, and COSMOS GRANITE )
CHARLESTON, LLC, )
               Counter-Defendants. )

This matter is before the court on Plaintiffs' motion to compel discovery responses from Defendants, [DE-89], which Defendants oppose, [DE-93]. In response to the court's order, [DE-224], the parties filed a Status Report indicating that they have reached a resolution regarding Document Request Nos. 70 and 71 and that Interrogatory Nos. 10, 21–26, 29–30, 32, 34–35, and 38 and Document Request Nos. 24, 59–67, 69, 72–75, 77–78, 80–86, and 92 remain in dispute. [DE-230]. For the reasons that follow, the motion to compel is allowed in part and denied in part.

**I.    Background**

Plaintiff Vamsi Mohan Nallapati ("Vamsi") and Defendant Hari Hara Prasad Nallapaty ("Prasad") are cousins, who have been involved in many businesses over the years. The precise nature of their business arrangement is the subject of related litigation. Vamsi in the manager of

Plaintiff IGM Surfaces, LLC ("IGM"), and Prasad is the manager of Defendant Justh Holdings, LLC ("Justh"). Plaintiffs allege that Vamsi conceived the Cosmos business name and mark, began using it approximately 15 years ago, and has been involved in multiple businesses around the country that have used the Cosmos name and mark in some form, including IGM. Plaintiffs further allege that Prasad was aware of Vamsi's use of the Cosmos name and mark and, without notice to Vamsi, Prasad caused Justh to file fraudulent trademark applications seeking federal registration of various iterations of the Cosmos name and design. On March 10, 2021, Vamsi and IGM filed a second amended complaint seeking a declaration that Justh is not the rightful owner of three registered trademarks and three marks not yet registered, cancellation of the registrations, and damages, including treble and punitive damages, for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 and civil conspiracy. Sec. Am. Compl. [DE-56].

On March 31, 2021, Justh and Prasad answered the amended complaint and alleged three counterclaims against Vamsi, Rohit Gangwal, Vinay Bharadwaj, Cosmos Granite Dallas, LLC, Cosmos Granite Charlotte, LLC, and Cosmos Granite Charleston, LLC. Defendants allege that before Justh's ownership of the Cosmos marks, the right to use the Cosmos name and mark was held by a partnership formed between Prasad and Vamsi in connection with the first Cosmos Granite and Marble business. Defendants further alleged that Vamsi breached his fiduciary duties to Prasad as a partner and, as a result, all rights to the goodwill in the partnership business, including the rights to the various Cosmos marks, belonged to Prasad. Prasad transferred the rights to the Cosmos marks to Justh, who then applied for the federal trademarks. Defendants allege that Vamsi and the other Counter-Defendants have engaged in, actively contributed to, or have not stopped the unauthorized use of the Cosmos marks. Defendants assert counterclaims for trademark

infringement/false designation of origin and indirect infringement. Ans. to Sec. Am. Compl. & Counterclaims [DE-58].

Plaintiffs served a First Set of Interrogatories and Requests for Production of Documents on January 15, 2021, and a Second Set of Interrogatories and Requests for Production of Documents on December 5, 2021, to which Defendants served initial responses, amended responses, and supplemental responses. [DE-89] at 1–2 n.2, 3; [DE-89-1, -89-2]. After meet and confer efforts failed to resolve Plaintiffs' perceived deficiencies in Defendants' discovery responses, Plaintiffs filed the instant motion.

## II. Standard of Review

The general rule regarding the scope of discovery is found in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp. Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (citation omitted); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make

3

available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

### III. Discussion

#### a. Drafts, Related Correspondence, and Metadata

Plaintiffs contend that (1) Defendants failed to produce drafts in response to document requests, which defined "documents" to include drafts as well as final versions, (2) images of final documents that were produced often lacked significant metadata, impeding Plaintiffs' ability to verify the document's date, editors, or other important information, and (3) Defendants failed to produce related correspondence for documents, such as emails, that were requested by Plaintiffs. Pls.' Mot. [DE-89] at 2. Defendants responded that they have produced all metadata to the extent it exists within the documents, as possessed by Defendants, in accordance with the parties' agreement, Defs.' Resp. [DE-93] at 9, but did not address the issues of drafts or related correspondence.

Under the parties' agreed-to Protocol for Discovery and Production of Electronically Stored Information, "Parties must produce metadata for each of the fields identified in the attached specifications for the production of ESI to the extent such metadata exists or is reasonably

4

extractable." [DE-89-4] ¶ J. Defendants assert they have produced metadata "to the extent it exists" but it is not clear whether there is metadata that is "reasonably extractable" that has not been produced. Defendants shall certify to Plaintiffs that they have produced all metadata that exists or is reasonably extractable, and to the extent there is metadata that they contend is not reasonably extractable they shall so state.

With respect to drafts, Plaintiffs defined "Document" to include "all copies that are not identical to the original, including copies with non-identical metadata and documents that include nonidentical attachments," which would include drafts. [DE-89-3] at 3–4. Plaintiffs contend Defendants failed to produce drafts, and Defendants did not respond to this contention. Defendants shall produce all drafts of responsive documents or certify to Plaintiffs that they have produced all drafts of responsive documents.

With respect to "related correspondence" for documents, Plaintiffs state it was requested but fail to cite any definition or particular request that includes related correspondence. The court declines to comb the exhibits for uncited authority, and this request is denied.

### b. General, Confidentiality, and Privilege Objections

Plaintiffs contend Defendants asserted a number of inappropriate general objections and confidentiality objections and did not produce a privilege log. Boilerplate, general objections are improper, and the court will consider only Defendants' specific objections to each discovery request addressed below. *See Mainstreet Collection, Inc.*, 270 F.R.D. at 241 ("The party resisting discovery ... must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law."); *see also ALDI Inc. v. Maraccini*, No. 5:19-CV-76-FL, 2019 WL 8051715, at *3–4 (E.D.N.C. May 15, 2019)

(allowing a motion to compel where objections such as "overly broad" and "not reasonably calculated to lead to the discovery of admissible evidence" were found to be boilerplate).

With respect to confidentiality objections, a consent protective order governs discovery in this case, [DE-44]. Furthermore, in denying a motion for protective order, Judge Dever recognized that "plaintiffs and defendants hardly maintain the kind of closely guarded confidentiality around their business finances that would be typical of competitors in the same industry." Jan. 28, 2022 Order [DE-92] at 6–7 n.1. The court finds the protective order is sufficient to protect Defendants' confidential business information.

Finally, if Defendants withheld responsive documents on the basis of privilege or attorney work-product objections, Defendants shall produce a privilege log in accordance with Fed. R. Civ. P. 45(e)(2)(A) or certify to Plaintiffs that no such documents were withheld.

### c. Previously Provided Information or Documents

Defendants contend in response to several discovery requests that they have previously provided responsive information or documents in this and the related case. However, in response to the court's inquiry regarding resolved issues, the parties indicated there was a resolution as to only two document requests. Absent evidence to the contrary, "[t]he court must take [a party's] word that it has produced all responsive discoverable documents if [the party] says that it has." *Georgia-Pac. Corp. v. Von Drehle Corp.*, No. 5:05-CV-478-BO, 2007 WL 9637134, at *2 (E.D.N.C. Aug. 17, 2007). Accordingly, to the extent Defendants believe they have previously fully responded to an Interrogatory or Document Request addressed in this order, Defendants shall so certify to Plaintiffs.

### d. Damages

Plaintiffs propounded interrogatories and document requests directed to Defendants' profits, and assert that their UDTP claim and Defendants' indirect infringement claim support this line of discovery. Pls.' Mot. [DE-89] at 3–5. Defendants argue that the sales and profits information Plaintiffs seek is not supported by their theory of damages because they have not asserted a trademark infringement claim, the requests are overly broad, and, in any event, Defendants have provided documentation showing sales and profit information from each of Defendants' locations sufficient for Plaintiffs to calculate their damages. Defs.' Resp. [DE-93] at 4–5.

The court previously denied Defendants' motion for protective order related to discovery on damages, reasoning as follows:

> Plaintiffs seek "damages, both compensatory and exemplary (including trebled damages and punitive damages, as permitted by law), in amounts to be determined at trial in connection with the illegal and improper acts of Defendants" in addition to injunctive and declaratory relief. [D.E. 56] 18. If plaintiffs prove defendants violated the Lanham Act's provisions relating to unfair competition, as alleged, they "shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a); see [D.E. 56] ¶¶ 60-64. Because the subpoenaed information concerns plaintiffs' damages, the subpoenaed information is relevant to the valuation of the alleged damages. See Fed. R. Civ. P. 26(b)(l).

Jan. 28, 2022 Order [DE-92] at 5. Interrogatory Nos. 21–24 are directed at information concerning gross revenues and profits of the Cosmos entities and the amount of damages claimed by Defendants and are relevant and discoverable. Likewise, Document Request Nos. 83-B to -H, -O, -S, -T, and 84–86 seek information relevant to damages, including financial statements, sales, profits, revenues, and deductions. Defendants' object that certain information is protected "trade secret information," but the court previously noted that "plaintiffs and defendants hardly maintain the kind of closely guarded confidentiality around their business finances that would be typical of

7

competitors in the same industry," Jan. 28, 2022 Order [DE-92] at 6–7 n.1, and there is a protective order in place to protect the parties' sensitive information. Furthermore, the requests fall squarely within the scope of discovery under Fed. R. Civ. P. 26(b)(1). Accordingly, Defendants shall respond to these outstanding discovery requests.

### e. First Affirmative Defense

Plaintiffs believe that Defendants did not fully respond to Interrogatory Nos. 30 and 32 regarding monetary or other contributions by Prasad or his proxy to the alleged partnership between Prasad and Vamsi. Pls.' Mot. [DE-89] at 5. Defendants state that they have fully responded to these interrogatories. Defs.' Resp. [DE-93] at 6–7. If Defendants have no further responsive information to provide, they shall so certify to Plaintiffs or otherwise supplement their responses.

Plaintiffs contend that Defendants' response to Interrogatory No. 34 is unresponsive, Pls.' Mot. [DE-89] at 5, and the court agrees. The response does not address whether Prasad was an authorized signatory of any bank account used by the partnership, and Defendants shall directly answer the interrogatory. Plaintiffs also contend Defendants' response to Interrogatory No. 38 is unresponsive. *Id.* at 6. Having reviewed Defendants response, the court finds it adequately responsive in addressing the profit sharing between Prasad and Vamsi. Plaintiffs next characterize Defendants' response to Interrogatory No. 35 as "vague," *id.*, while Defendants contend they have fully responded to the interrogatory, Defs.' Resp. [DE-93] at 7. The response is sparse, particularly given the alleged long-term business relationship of the parties. However, if Defendants have no further responsive information to provide, they shall so certify to Plaintiffs or otherwise supplement their response. Furthermore, to the extent Defendants contend responsive information

8

Case 5:20-cv-00047-D   Document 259   Filed 06/02/22   Page 8 of 11

was provided in response to other discovery requests, Defendants shall specifically reference those responses.

Document Request Nos. 60–67, 69, 80, and 81 relate to the existence of the alleged partnership between Vamsi and Prasad, and Document Request No. 92 seeks tax and regulatory documents evidencing the existence of a partnership. Pls.' Mot. [DE-89] at 7. Defendants contend that to the extent the documents exist, they have been produced and counsel does not believe any additional documents response to these requests exists. Defs.' Resp. [DE-93] at 8. These requests were inexplicably not those among which counsel could agree were resolved. To the extent Defendants have no further responsive documents to provide, they shall so certify to Plaintiffs or otherwise supplement their responses.

### f. Priority, Mark Adoption, Contribution, and Control

Plaintiffs contend that Defendants did not respond or sufficiently respond to Document Request Nos. 72–75, 77–78, and 83-A, -U, and -V, which seek documents related to priority, adoption, contribution, and control of the disputed mark. Pls.' Mot. [DE-89] at 7–8. Defendants state that they have produced any existing responsive documents. Defs.' Resp. [DE-93] at 9. To the extent Defendants have no further responsive documents to provide, they shall so certify to Plaintiffs or otherwise supplement their responses.

### g. Confusion

Plaintiffs believe Defendants' answers to Interrogatory Nos. 10 and 29 regarding instances of confusion are incomplete and that related documents in response to Document Request Nos. 82 and 83-I, -J, and -Q have not been produced. Pls.' Mot. [DE-89] at 8–9. Defendants respond that they lack the detailed information Plaintiffs seek, have no further information to offer in response to the interrogatories, and have produced any existing responsive documents. Defs.' Resp. [DE-

9

93] at 10. To the extent Defendants have no further responsive information or documents to provide, they shall so certify to Plaintiffs or otherwise supplement their responses.

### h. Advertising and Marketing

Plaintiffs contend Defendants failed to provide complete responses to Interrogatory Nos. 25 and 26 related to advertising and marketing, and refused to provide related responsive documents in response to Document Request No. 83-K, -L, -P, and -R. Pls.' Mot. [DE-89] at 9–10. Defendants respond that they have provided additional information in response to Interrogatory No. 25 and fully responded to Interrogatory No. 26. Defendants do not specifically address Document Request No. 83-K, -L, -P, and -R; however, the court finds these requests to seek documents within the scope of discovery. Accordingly, Defendants shall fully respond to these requests, and to the extent Defendants have no further responsive information or documents to provide, they shall so certify to Plaintiffs.

### i. State Trademark Registrations

Plaintiffs contend Defendants failed to fully respond to Document Request Nos. 24 and 59, requesting documentation of state trademark applications. Pls.' Mot. [DE-89] at 10. Defendants respond that they have produced responsive material and continue to update their production. Defs.' Mem. [DE-93] at 10. To the extent Defendants have not fully responded to these document requests, they shall do so or certify to Plaintiffs that they have no further responsive documents to produce.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to compel is allowed in part and denied in part. Defendants shall supplement their discovery responses in conformity with this order by no

later than **June 15, 2022**.

So ordered, the \_2\_ day of June, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge