IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-47-D

| | |
|---|---|
| VAMSI NALLAPATI & IGM SURFACES, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JUSTH HOLDINGS, LLC, and HARI HARA )<br>PRASAD NALLAPATY, )<br>)<br>Defendants, )<br>)<br>v. )<br>)<br>VAMSI NALLAPATI, VINAY BHARADWAJ, )<br>ROHIT GANGWAL, COSMOS GRANITE )<br>DALLAS, LLC, COSMOS GRANITE )<br>CHARLOTTE, LLC, and COSMOS GRANITE )<br>CHARLESTON, LLC, )<br>)<br>Counter-Defendants. ) | ORDER |

This matter is before the court on Defendants' motion to seal. [DE-97]. Plaintiffs, joined by Counter-Defendants, oppose the motion, [DE-101], and Defendants filed a reply, [DE-110]. For the following reasons, the motion to seal is allowed in part and denied in part.

**I. Background**

This action involves a dispute over trademarks between two former business associates. A discovery dispute arose, and, in response to Plaintiffs' motion to compel, Defendants filed three supporting exhibits under provisional seal. Defendants ask to seal these exhibits, [DE-94 to -96], because they contain sensitive information and personal information. Defs.' Mem. [DE-98] at 2–3. Plaintiffs dispute that the exhibits merit sealing and contend Defendants have failed to overcome the common law right to access. Pls.' Mem. [DE-101] at 3–7. In reply, Defendants concede that

Exhibit A, [DE-94], should not be treated as confidential and withdraw their request to seal that document. Defs.' Reply [DE-110] at 1. With respect to Exhibits E and F, Defendants note those documents were filed under seal in a related case, and they believe the documents should be sealed in this case. *Id.* at 2. Alternatively, should the court determine the documents should not remain sealed, Defendants propose that the court take judicial notice of the filings in the related case and remove the Exhibits from the docket in this case. *Id.*

## II. Discussion

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly-filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)* ("*In re Application*"), 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance

of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Here, the parties agree that Exhibit A should no longer be treated as confidential, and the Clerk of Court shall unseal Exhibit A, [DE-94]. With respect to Exhibits E and F, [DE-95, -96], they were unnecessary to the court's determination of the motion to compel, and the court did not consider those documents. Exhibits E and F, therefore, are not judicial records subject to the right to access because they did not play a role in the adjudicative process. *See Alston v. Jones*, No. 1:19-CV-96, 2022 WL 1656636, at *3 (M.D.N.C. May 24, 2022) (finding no right to access to information the court did not consider). Accordingly, the court will allow Defendants' request to remove the documents rather than unsealing them, and Exhibits E and F are stricken from the docket. *See New v. Thermo Fisher Sci., Inc.*, No. 1:19CV807, 2021 WL 4593986, at *8 (M.D.N.C. Oct. 6, 2021) (allowing defendant's request to withdraw exhibits not considered by the court and striking, rather than unsealing, the exhibits because the court did not consider the material).

### III. Conclusion

For the foregoing reasons, Defendants' motion to seal is allowed in part and denied in part. The Clerk of Court shall unseal Exhibit A, [DE-94], and Exhibits E and F, [DE-95, -96], are stricken from the record.

SO ORDERED, the 2 day of June, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge