IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-47-D

| | |
|---|---|
| VAMSI NALLAPATI & IGM SURFACES, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JUSTH HOLDINGS, LLC, and HARI HARA ) <br> PRASAD NALLAPATY, ) <br> ) <br> Defendants, ) <br> ) <br> v. ) <br> ) <br> VAMSI NALLAPATI, VINAY BHARADWAJ, ) <br> ROHIT GANGWAL, COSMOS GRANITE ) <br> DALLAS, LLC, COSMOS GRANITE ) <br> CHARLOTTE, LLC, and COSMOS GRANITE ) <br> CHARLESTON, LLC, ) <br> ) <br> Counter-Defendants. ) | <br><br><br><br><br><br><br><br><br><br>O R D E R |

This matter is before the court on Plaintiffs' second motion to compel discovery responses from Defendants, [DE-122], which Defendants oppose, [DE-169]. The court held a telephonic hearing on September 19, 2022, during which it heard from the parties on each disputed request, ruled on some requests, and took others under advisement. This written order memorializes the court's rulings made during the hearing and as resolves the remaining issues. For the reasons stated during the hearing and herein, the motion to compel is allowed in part and denied in part.

I. **Background**

The court summarized the factual background of the case in its order on Plaintiffs' first motion to compel. [DE-259]. At issue here are discovery requests from Plaintiffs' Third and Fourth Set of Interrogatories (served on November 23, 2021 and January 16, 2022, respectively),

Plaintiffs' Third, Fourth, Fifth, Sixth, and Seventh Set of Requests for Production (served November 24, 2021, December 10, 2021, and January 5, 14, and 16, 2022, respectively), and Plaintiffs' First and Second Set of Requests for Admissions (served January 14 and 16, 2022, respectively). Pls.' Mem. Exs. 1–3 [DE-123-1 to -123-3]. Defendants made document productions through the close of discovery, February 15, 2022. The parties "met and conferred" on January 31 and February 24, 2022, regarding Plaintiffs' perceived deficiencies in Defendants' discovery responses. Correspondence related to the disputed discovery is provided in Exhibit 4 to Plaintiffs' motion, and includes a February 9, 2022 letter providing further information related to Plaintiffs' Third Set of Interrogatories and Requests for Production, [DE-123-4] at 2–5; a February 18, 2022 deficiency letter in response to the February 9 letter, [DE-123-4] at 7–8; a February 21-22, 2022 email exchange regarding meet and confer on the February 18 deficiency letter, [DE-123-4] at 10–26; a February 25, 2022 letter in further response to the February 18 letter, [DE-123-4] at 28–30. On March 13, 2022, Plaintiffs filed the instant motion to compel.

## II. Standard of Review

The general rule regarding the scope of discovery is found in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp. Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (citation omitted); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240

(E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

### III. Discussion

As an initial matter, Defendants contend the motion to compel should be denied as untimely because it was filed twenty-six days after the close of discovery, and Plaintiffs failed to show good cause for the delay. Defendants assert Plaintiffs failed to timely seek discovery and to timely litigate unresolved objections, noting that Plaintiffs served two sets of discovery with responses due the last two days of the discovery period. Defs.' Mem. [DE-169] at 2–3.

"[I]t is well established in this district that, as a general matter, motions to compel must be filed before the end of the discovery period." *Williams v. AT&T Mobility*, No. 5:19-CV-00475-BO, 2022 WL 2821922, at *2–3 (E.D.N.C. July 19, 2022). While Rule 37(a) governing motions

3

to compel does not specify a temporal requirement for the filing of such motions, "[g]enerally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely." *PCS Phosphate Co. v. Norfolk S. Corp.*, 238 F.R.D. 555, 558 (E.D.N.C.2006); *see Sager v. Standard Ins. Co.*, No. 5:08-CV-628-D, 2010 WL 2772433, at *1 (E.D.N.C. July 12, 2010) (denying motion to compel filed three weeks after close of discovery as untimely); *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (denying as untimely motion to compel filed after the close of discovery), *aff'd*, 582 F. App'x 229 (4th Cir. 2014); *Powell v. Kamireddy*, No. 7:13-CV-00267-F, 2015 WL 333015, at *4 (E.D.N.C. Jan. 26, 2015) (denying motion to compel as untimely where the moving party waited three months to notify the producing party that the responses were deficient, and the motion to compel was filed more than two months after the close of discovery and six weeks before trial). The court has also considered Local Civil Rule 7.1(a) in evaluating timeliness of a motion to compel, which provides that "[a]ll motions in civil cases except those relating to the admissibility of evidence at trial must be filed on or before thirty (30) days following the conclusion of the period of discovery." *See Williams*, 2022 WL 2821922, at *2–3; *BlackRock Engineers, Inc. v. Duke Energy Progress, LLC*, No. 7:15-CV-250-D, 2018 WL 4409377, at *3 (E.D.N.C. Sept. 17, 2018); *Armstrong v. Yopp Properties, LLC*, No. 7:13-CV-235-FL, 2015 WL 627951, at *5 (E.D.N.C. Feb. 12, 2015), *aff'd*, 610 F. App'x 255 (4th Cir. 2015).

Plaintiffs' motion was filed after the close of discovery, but prior to the motion-filing deadline. Much of Plaintiffs' discovery at issue was served late in the discovery period. Correspondence shows that counsel conferred throughout the month of February regarding alleged deficiencies, and it appears Defendants continued to produce some documents and information after the close of discovery, *see* Defs.' Suppl. Resp. to 3d Set of Interrogs. [DE-123-1] at 6–12

4

(served Feb. 25, 2022). While Plaintiffs' arguably should have sought an extension of the discovery deadline in order to resolve outstanding discovery issues,[1] the court declines to deny the motion as untimely, where Plaintiffs served their discovery requests in time for Defendants to respond prior to the close of discovery, promptly attempted to resolve perceived deficiencies, and promptly filed the motion to compel when they were unable to resolve the dispute without court intervention. The court finds Plaintiffs did not unduly delay in bringing the dispute to the court's attention, and Defendants have suffered no prejudice from the timing of the motion. Accordingly, the court will address the substantive merits of the motion.

The court memorializes its rulings made at the hearing as follows:

(1) For the reasons stated in the hearing, the court sustains Defendants' objections or otherwise finds that Defendants have sufficiently responded to Interrogatories 40, 42, and 53 and Document Requests 104–07 and 146–51, and the motion to compel as to those requests is denied.

(2) For the reasons stated in the hearing, the court will compel Defendants to respond to Document Request 103.

(3) At the hearing, the parties agreed that Defendants' subsequent responses have sufficiently satisfied Interrogatory 44 and Document Requests 93–96, 108–11, 112, 118–19, 125–33, 134–36, and the motion to compel as to those requests is now moot, except that Defendants must identify by Bates number the documents responsive to the requests to the extent they have not already done so.

(4) At the hearing, Defendants indicated that no responsive documents were located for Document Requests 99–101. Absent evidence to the contrary, "[t]he court must take

---

[1] The parties also noted at the hearing that they, by agreement, took depositions after the close of discovery.

[a party's] word that it has produced all responsive discoverable documents if [the party] says that it has." *Georgia-Pac. Corp. v. Von Drehle Corp.*, No. 5:05-CV-478-BO, 2007 WL 9637134, at *2 (E.D.N.C. Aug. 17, 2007). Accordingly, the motion to compel is denied as to those requests.

(5) At the hearing Defendants agreed that Plaintiffs may rely on supplementations to discovery responses made in letters and emails from defense counsel and in response to the instant motion as formal discovery responses.

The court reserved ruling at the hearing on Document Requests 137–40 and Requests for Admission 42 and 46–48. After further consideration, the court will compel Defendants to respond to Document Requests 137–40 and to Requests for Admission 46–48.

With respect to Document Requests 137–40 related to Uma and Tejashree Nallapati, Prasad's daughters who worked in the business, Defendants produced responsive documents collected from designated custodians, but Uma and Tejashree were not designated custodians under the parties' ESI protocol. Defendants argue that Plaintiffs had an opportunity to designate Uma and Tejashree as custodians but failed to do so, and their request to collect documents from them now is tardy. Plaintiffs asserted, and Defendants conceded, that Uma and Tejashree were not disclosed as individuals having knowledge of the issues in the case until later in January 2022, although Defendants contend that documents produced in September 2021 demonstrated Uma and Tejashree's involvement. The court finds the January 2022 disclosure of Uma and Tejashree as individuals with knowledge justifies allowing the motion to compel as to Document Requests 137–40. Defendants failed to demonstrate that Plaintiffs were on notice as to the extent of Uma and Tejashree's knowledge prior to the January 2022 disclosure and at the time the ESI custodians were negotiated. Accordingly, Defendants shall respond to Document Requests 137–40.

6

Request for Admission ("RFA") 42 stated, "[a]dmit that at the time the alleged partnership was formed, Prasad had an obligation to disclose to DSG his ownership interest in any customer of DSG." Defendants objected that the request called for a legal conclusion but also responded that "Prasad disclosed his ownership interest to DSG." [DE-123-3] at 2. An RFA may address "the application of law to fact," but a party may not seek an admission as to "[p]urely legal matters, not connected to the facts of the case." *P.L.U.S. Brokerage, Inc. v. Jong Eun Kim*, 908 F. Supp. 2d 711, 715 (D. Md. 2012). Here, the RFA at issue seeks an admission that Prasad had a legal obligation to disclose to DSG a partnership interest, which connects the application of law to the facts of this case. *See Branch Banking & Tr. Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 657 (E.D.N.C. 1988) (concluding admission that "when the original financing statement was filed on May 11, 1984, plaintiff thereafter held a perfected security interest in the Sanderson inventory and parts" did not require a conclusion or statement of law). Furthermore, the purpose of a request for admission "is to expedite trial by establishing certain material facts as true, thus, narrowing the range of issues for trial." *Id.* Plaintiffs' request goes to the issue of whether the partnership alleged by Prasad existed, which both parties agree is a relevant issue in this case. However, the court finds that Defendants' admission that Prasad in fact made the disclosure is sufficiently responsive to the request. The issue of whether a partnership existed remains disputed, and "requests for admission are intended to narrow the scope of issues for trial, not to lead to the discovery of admissible evidence." *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 184 (S.D.W. Va. 2010). Accordingly, the motion to compel as to Requests for Admission 42 is denied.

With respect to Requests for Admissions 46–48, Defendants objected that the requests were overbroad, irrelevant, unduly burdensome, and disproportionate to the needs of the case. The court disagrees. These requests are narrowly tailored to the issue of Defendants' first affirmative defense

7

and the cash contribution Prasad alleged he made to the partnership with Vamsi in 2005. The court notes that in denying the motion to compel responses to Interrogatory 53 and Documents Requests 104–07 and 146–50 related to Defendants' first affirmative defense, those requests were much broader in scope and time and, thus, sought information outside the scope of discovery. Accordingly, Defendants shall respond to Requests for Admissions 46–48.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to compel is allowed in part and denied in part. Defendants shall supplement their discovery responses in conformity with this order by no later than **October 4, 2022**.

So ordered, the 20th day of September, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge

8

Case 5:20-cv-00047-D   Document 280   Filed 09/20/22   Page 8 of 8