IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-47-D

| | |
|---|---|
| VAMSI NALLAPATI & IGM SURFACES, LLC, | ) |
| Plaintiffs, | ) |
| v. | ) |
| JUSTH HOLDINGS, LLC, and HARI HARA PRASAD NALLAPATY, | ) |
| Defendants, | ) ORDER |
| v. | ) |
| VAMSI NALLAPATI, VINAY BHARADWAJ, ROHIT GANGWAL, COSMOS GRANITE DALLAS, LLC, COSMOS GRANITE CHARLOTTE, LLC, and COSMOS GRANITE CHARLESTON, LLC, | ) |
| Counter-Defendants. | ) |

This matter is before the court on Defendants' motions to seal. [DE-141, -161, -186, -219, -226, -261]. Plaintiffs and Counter Defendants (collectively "Plaintiffs") responded to the motions, [DE-163, -165, -228, -269], and Defendants filed a reply, [DE-173]. For the reasons stated below, the motions to seal at Docket Entries 141, 161, 219, and 261 are allowed in part and denied in part, and the motions to seal at Docket Entries 186 and 226 are allowed.

**I.    Legal Standard**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly-filed documents, the court must first determine if the source of the public's right

to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)* ("*In re Application*"), 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Courts apply the "experience and logic" test to determine whether there is also a First Amendment right to access, which provides more substantive protection to the public's interest in access than does the common law. *In re Application*, 707 F.3d at 291; *Rushford*, 846 F.2d at 253. Under this test, the court considers "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application*, 707 F.3d at 291 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)). The Fourth Circuit has determined that the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial," which is generally open to the public. *Rushford*, 846 F.2d at 252–53.

Here, the documents sought to be sealed were filed in conjunction with summary judgment briefing. Accordingly, the First Amendment right of access applies. However, "[t]he mere existence of a First Amendment right to access or a common law right of access to a particular kind of document does not entitle[] the press and the public to access in every case." *Rushford*, 846 F.2d at 253 (citation omitted). "To overcome the First Amendment standard, sealing must be 'essential' to preserve important, higher interests," *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Organisation*, No. 2:17-CV-503, 2019 WL 8108115, at *2 (E.D. Va. Aug. 15, 2019) (citation omitted), and "narrowly tailored to serve that interest," *Rushford*, 846 F.2d at 253. The "protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm" is a recognized exception to the "presumptive openness of judicial proceedings." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citing *Stamicarbon, N.V. v. American Cyanamid Co.*, 506 F.2d 532, 539–42 (2d Cir.1974)). The party seeking to deny access bears the burden. *Rushford*, 846 F.2d at 253.

To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984). The court must first provide "public notice of the request to seal and allow the interested parties a reasonable opportunity to object." *Id.* at 235–36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

## II. Discussion

### A. Motions to Seal [DE-141, -161, -186, -261]

Defendants seek an order sealing (1) Prasad's Affidavit, [DE-131, -250]; (2) excerpts from Prasad's deposition testimony, [DE-134, -135, -155, -156, -185, -247, -248]; (3) three trademark licenses, [DE-136 to -138]; (4) a trademark assignment, [DE-139, -154]; (5) Defendants' memorandum of law, [DE-129], and statement of material facts, [DE-130]; (6) Defendants' responses to Requests for Admissions Nos. 52–59, [DE-153]; (7) Plaintiffs' responses to Requests for Admissions in the properties case, [DE-251]; (8) Plaintiffs' memorandum of law, [DE-149], and statement of material facts, [DE-150], (9) Defendants' memorandum of law in opposition to Plaintiffs' motion for partial summary judgment, [DE-183], and Defendants' response to Plaintiffs' statement of facts, [DE-184]; and (10) Plaintiffs' reply memorandum, [DE-245], and reply to statement of material facts, [DE-246].[1] Defendants contend that the excerpts from Prasad's deposition focus on his relations and financial information with his Indian company, Divyashakti Granites, Ltd. ("DSG"), and other sensitive financial information, including assignment and licensing of trademark rights and royalty rates; the public's interest in such matters is minimal compared to the sensitive financial information; Prasad's affidavit was filed under seal in the properties case; the information is subject to the protective order, where Prasad's deposition has been designated "confidential" with portions designated "attorney's eyes only"; and a prior deposition of Prasad's was used for an improper purpose. Defs.' Mem. [DE-140] at 3–5.

---

[1] Defendants combined the motion to seal with a notice of filing of documents containing information designated confidential by Plaintiffs. [DE-141]. In the future, such notice should be filed separately from an unrelated motion. Counter Defendants moved to seal two of the documents listed in the notice, Appendix R and S, [DE-132, -133], but not the memorandum of law in support of the motion to seal, [DE-140], which referenced certain portions of Appendix S. [DE-159]. Accordingly, the memorandum at Docket Entry 140 shall be unsealed.

Plaintiffs contend the information does not qualify for sealing because the information is not confidential, much of the information is stale, and Defendants failed to utilize less drastic measures such as redaction. Pls.' Mem. [DE-163] at 7–10; Pls.' Mem. [DE-228] at 1, 4, 9–12. In response, Defendants prepared redacted versions of the exhibits and discussed with more specificity the sensitive nature of the redacted information. Defs.' Reply [DE-173] at 2–6.

### 1. Prasad's Affidavit and Deposition Excerpts

Prasad's affidavit and deposition excerpts contain both confidential and non-confidential information. Defendants' initial request to seal them in their entirety was, thus, overly broad. However, Defendants have provided redacted versions of these documents, which limit the amount of information withheld from the public. [DE-173-1 to -173-3]. Having reviewed these documents and the redactions, the court finds that while some of the redacted information is not confidential or its disclosure is unlikely to result in harm to business interests, the redactions are largely appropriate and the improperly redacted information is unnecessary to the public's understanding of the issues presented on summary judgment and does not bear on important matters of public interest. *See Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 291–92 (W.D.N.C. 2019) (keeping portions of deposition testimony under seal which discussed corporate business strategies and financial data); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (allowing motion to seal "sensitive financial and business information belonging to the parties as well as third-parties, information which is of utmost importance to them but not generally available to the public or bearing importance to any public matters."). The court also notes that Prasad's affidavit was filed under seal in the properties case without objection from Vamsi, *see Nallapaty v. Nallapati*, No. 5:20-CV-470-BO, [DE-114, -122], and Vamsi's and Rohit's deposition excerpts, [DE-132, -133], which have been sealed on consent

motion by Counter Defendants, also contained some arguably non-confidential information but on the whole met the requirements for sealing. Accordingly, the court finds that Defendants' interest in protecting their commercially sensitive information overcomes the public's right to access, and the motions to seal are allowed as to Prasad's affidavit, [DE-131, -250], and Prasad's deposition excerpts, [DE-134, -135, -155, -156, -185, -247, -248].[2]

## 2. Trademark Licenses and Assignment

Plaintiffs objected to the blanket sealing of the trademark license agreements, Pls.' Mem. [DE-163] at 5, and in response, Defendants provided copies of the license agreements with only the royalty fee redacted, [DE-173-4]. While Plaintiffs argue that royalty rates are commonly advertised within the industry, Defendants assert that they do not disclose their royalty rate to the public and would not want potential future licensees to have access to this information. The court finds the royalty fee information is properly redacted, *see Dynatemp Int'l, Inc. v. R421A, LLC*, No. 5:20-CV-142-FL, 2021 WL 3284799, at *13 (E.D.N.C. July 30, 2021) (allowing motion to seal information detailing royalty payments), Defendants' interest in protecting their commercially sensitive information overcomes the public's right to access, and the motion to seal the trademark licenses, [DE-136 to -138], is allowed.

With respect to the assignment, Defendants' initial motion and reply do not specifically address the reasons why it should be sealed, the fact of the assignment is stated in the pleadings, [DE-58] at 27 ¶ 48, and Defendants did not move to seal a copy of the assignment filed at Docket Entry 206. Accordingly, the motions to seal as to the assignment, [DE-139, -154], are denied, and Docket Entries 139, 154, and 206 shall be unsealed.

---

[2] Plaintiffs note that copies of the two exhibits at Docket Entries 155 and 156 were first filed in error at Docket Entries 151 and 152, and the parties agree that the erroneously filed exhibits should be removed from the docket. Pls.' Mem. [DE-165] at 2 n.2. Accordingly, Docket Entries 151 and 152 are stricken from the record.

### 3. Defendants' Responses to Requests for Admissions Nos. 52–59

Defendants ask the court to seal their responses to Requests for Admissions Nos. 52–59, [DE-153], which focus on Vamsi's company NVM, whether Prasad had any ownership interest in NVM, and the alleged partnership's business relationship with NVM. Defs.' Mem. [DE-162] at 4. Defendants assert the public's interest in historical information is outweighed by the financially sensitive nature of the information. *Id.* The court finds no financially sensitive information in the responses to Requests for Admissions Nos. 52–59 that would justify sealing, and agrees with Plaintiffs that the responses essentially confirm or deny facts pleaded by Vamsi. *See* Sec. Am. Compl. [DE-56] at 5 ¶¶ 19–23. Accordingly, the motion to seal as to Defendants' responses to Requests for Admissions Nos. 52–59, [DE-153], is denied. The document shall maintain the proposed sealed designation for seven (7) days to allow Defendants to appeal, and if no appeal is taken the Docket Entry 153 shall be unsealed without further order.

### 4. Plaintiffs' Responses to Requests for Admissions in the Properties Case

Defendants seek to seal the responses to Requests for Admissions of Prasad, UTS, and Justh in the properties case, [DE-251], because they are related to tax returns. Defs.' Mem. [DE-263] at 5. Plaintiffs argue the information is not sensitive and already well known. Pls.' Mem. [DE-269] at 7–8.

The court has reviewed the responses at issue and finds nothing sensitive about the information contained therein. The majority of the Requests are denied, and there is no specific information from tax returns disclosed. Accordingly, the motion to seal as to the responses to the Requests for Admissions of Prasad, UTS, and Justh in the properties case, [DE-251], is denied. The document shall maintain the proposed sealed designation for seven (7) days to allow

Defendants to appeal, and if no appeal is taken Docket Entry 251 shall be unsealed without further order.

### 5. Memoranda and Statements of Material Facts

The parties have provided redacted copies of their respective memoranda and statements of material facts, [DE-125, -126, -144, -145, -180, -181, -239, -242], and the redactions protect information from sealed exhibits. The redactions do not impede the public's ability to understand the issues presented on summary judgment, the redacted information does not concern important matters of public interest, and the references to the exhibits that the court declined to seal are minimal. No one aside from Plaintiffs have objected to the sealing of any of the documents cited, and the public has been provided with notice and an opportunity to object to sealing. Accordingly, the court finds that Defendants' interest in protecting their commercially sensitive information overcomes the public's right to access, the motions to seal as to the memoranda, [DE-129, -149, -183, -245], and statements of material facts, [DE-130, -150, -184, -246], are allowed.

### B. Motions to Seal [DE-219, -226]

Defendants seek an order sealing (1) Plaintiffs' memorandum of law, [DE-203], and response to Defendants' statement of facts, [DE-204]; (2) exhibits containing sensitive business information, [DE-202-7, -202-8, -205, -208], (3) excerpts from the deposition of James Woods, [DE-209]; (4) the entirety of Prasad's deposition, [DE-210, -211]; (5) excerpts from the depositions of Tejashree Nallapaty, [DE-212], and Umashree Nallapaty, [DE-213]; and (6) the supplemental expert report of Brian Burns, [DE-221]. Defendants contend the above referenced documents contain commercially sensitive and personal information that if disclosed to the public would harm Defendants' business interests. Defs.' Mem. [DE-220] at 4–8.

Plaintiffs agree the Docket Entry 208 should be sealed, do not object to the sealing of Docket Entries 205 and 221, and oppose the sealing of the remainder of the documents, arguing that much of the information is already public and any conceivably confidential information could be redacted. Pls.' Mem. [DE-228] at 2, 7–14.

### 1. Miscellaneous Exhibits and Report of Brian Burns

The court has reviewed the proposed sealed exhibits and the report of Brian Burns, [DE-202-7, -202-8, -205, -208, -221], and finds they contain sensitive business information that if disclosed would harm Defendants' business interests. While not all of the information contained in each exhibit warrants sealing, the court finds that the non-confidential information would contribute little or nothing to the public's understanding of the issues presented and, thus, redaction is not a necessary or reasonable alternative to sealing under the circumstances presented. Accordingly, the court finds that Defendants' interest in protecting their commercially sensitive information overcomes the public's right to access, and the motions to seal as to the miscellaneous exhibits and the report of Brian Burns, [DE-202-7, -202-8, -205, -208, -221], are allowed.

### 2. James Woods' Deposition Excerpts

Defendants ask the court to seal excerpts from the deposition of Defendants' rebuttal expert James Woods because the testimony "deals with Defendants' current financial data" and references exhibits containing sales figures and profit information. Defs.' Mem. [DE-220] at 5. The excerpts from Woods' deposition testimony contain no specific confidential financial information, and the testimony is better characterized as addressing generalities, hypotheticals, and expert methodologies, none of which is confidential. Accordingly, the court finds sealing is not warranted, and the motion to seal as to Woods' deposition excerpts, [DE-209], is denied. The

9
Case 5:20-cv-00047-D   Document 292   Filed 10/28/22   Page 9 of 12

document shall maintain the proposed sealed designation for seven (7) days to allow Defendants to appeal, and if no appeal is taken Docket Entry 209 shall be unsealed without further order.

### 3. Prasad's Deposition

Defendants contend the entirety of two days of deposition testimony from Prasad should be sealed because it contains material related to Prasad's personal income, confidential business information of non-party DSG and its customers, and other purportedly confidential information. Defs.' Mem. [DE-220] at 6. Plaintiffs argue that much of the information contained in the deposition has been made public and can no longer be deemed confidential, providing specific examples of the information having been publicly disclosed. Pls.' Mem. [DE-228] at 9–13.

A review of the deposition transcript confirms that it contains both confidential and non-confidential information. Defendants have previously filed excerpts from Prasad's deposition with confidential information redacted, [DE-173-1, -173-2], so redaction is quite obviously an available alternative to sealing. Accordingly, the motion to seal Prasad's deposition, [DE-210, -211], in its entirety is denied. The transcripts shall temporarily retain the proposed sealed designation, and Defendants shall have fourteen (14) days to file a publicly available, appropriately redacted version of the deposition transcripts. Upon the filing of the redacted transcripts, Docket Entries 210 and 211 shall be sealed. Failure to timely file redacted transcripts shall result in Docket Entries 210 and 211 being unsealed without further order.

### 4. Tejashree's and Umashree's Deposition Excerpts

Defendants seek to seal excerpts from the deposition transcripts of Tejashree and Umashree because they discuss Defendants' suppliers and customers, as well as loan documents containing financial and other sensitive business information. Defs.' Mem. [DE-220] at 5–6. Plaintiffs argue

10
Case 5:20-cv-00047-D   Document 292   Filed 10/28/22   Page 10 of 12

that much of the information discussed is not confidential and redaction is appropriate for any confidential portions of the transcripts. Pls.' Mem. [DE-228] at 12–14.

The depositions of Tejashree and Umashree contains both confidential and non-confidential information and redaction is an appropriate alternative to sealing. For example, while future business plans that have not been made public would qualify as sensitive business information warranting sealing, a company's existing locations would not. In fact, in Umashree's deposition, the only information that appears to be even arguably confidential is the identity of suppliers. Accordingly, the motion to seal as to the deposition excerpts of Tejashree and Umashree, [DE-212, -213], in their entirety is denied. The transcripts shall temporarily retain the proposed sealed designation, and Defendants shall have fourteen (14) days to file a publicly available, appropriately redacted version of the deposition transcripts. Upon the filing of the redacted transcripts, Docket Entries 212 and 213 shall be sealed. Failure to timely file redacted transcripts shall result in Docket Entries 212 and 213 being unsealed without further order.

### 5. Memoranda and Statements of Material Facts

Defendants seek to seal unredacted copies of a memorandum, [DE-203], and response to statement of material facts, [DE-204], that contain information from the proposed sealed documents discussed above and have provided redacted versions, [DE-189, -190], to protect the information from the sealed exhibits. Defs.' Mem. [DE-220] at 2. Plaintiffs agree that information the court finds to be confidential should be protected. Pls.' Mem. [DE-228] at 1–2.

The redactions do not impede the public's ability to understand the issues presented on summary judgment, and the redacted information does not concern important matters of public interest. The public has been provided with notice and an opportunity to object to sealing, and no objection has been lodged. Accordingly, the court finds that Defendants' interest in protecting

11
Case 5:20-cv-00047-D   Document 292   Filed 10/28/22   Page 11 of 12

their commercially sensitive information overcomes the public's right to access, the motion to seal as to the memoranda, [DE-203], and response to the statement of material facts, [DE-204], is allowed.

### III. Conclusion

For the reasons stated above, the motions to seal at Docket Entries 141, 161, 219, and 261 are allowed in part and denied in part, and the motions to seal at Docket Entries 186 and 226 are allowed as follows:

(1) The following Docket Entries are sealed: 129, 130, 131, 134, 135, 136, 137, 138, 149, 150, 155, 156, 183, 184, 185, 202-7, 202-8, 203, 204, 205, 208, 221, 245, 246, 247, 248, 250;

(2) Defendants shall file publicly available, appropriately redacted copies of Docket Entries 210 through 213 within fourteen (14) days of the date of this order. Upon the filing of the redacted transcripts, the docket entries shall be sealed. Failure to timely file redacted transcripts shall result in docket entries being unsealed without further order;

(3) Docket Entries 151 and 152 are stricken;

(4) Docket Entries 139, 140, 154 and 206 are unsealed; and

(5) Docket Entries 153, 209, and 251 shall maintain the proposed sealed designation for fourteen (14) days to allow Defendants to appeal the finding that they do not meet the standard for sealing, and if no appeal is taken the docket entries shall be unsealed without further order.

So ordered, the 28th day of October, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge